IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **KEITH DALE MARTIN,** ) | |
| ) | |
|     **Petitioner,** ) | |
| ) | |
| vs. ) | Case No. 12-CV-448-GKF-PJC |
| ) | |
| **TERRY MARTIN, Warden;** ) | |
| **JIM RABON, Sentence Administrator;** ) | |
| **OKLAHOMA DEP'T OF CORRECTIONS,** ) | |
| ) | |
|     **Respondents.** ) | |

## OPINION AND ORDER

This is a 28 U.S.C. § 2241 habeas corpus action. Petitioner, a state inmate appearing pro se, filed his petition (Dkt. # 1) on August 6, 2012. Before the Court is Respondent's motion to dismiss writ of habeas corpus (Dkt. # 7). Petitioner filed a response (Dkt. # 8) to the motion to dismiss, along with exhibits supporting his response (Dkt. # 9). Respondent's motion is premised on 28 U.S.C. § 2244(d) (imposing a one-year limitation period on habeas corpus petitions). For the reasons discussed below, the Court finds that the petition was not timely filed and Respondent's motion to dismiss shall be granted. Alternatively, the Court finds the claim raised in the petition does not rise to the level of a constitutional violation. The petition shall be dismissed with prejudice.

### *BACKGROUND*

Petitioner's claim challenges the administration of his sentences entered in Tulsa County District Court, Case No. CF-1997-2114. In that case, Petitioner was charged with Unlawful Possession of Controlled Drug With Intent to Distribute (Count 1), Assault and Battery Upon a Police Officer (Count 2), Resisting an Officer (Count 3), Failure to Signal (Count 4), and Escape

from Lawful Custody (Count 5), All After Former Conviction of Two or More Felonies. Counts 2 and 3 were dismissed by the State. Petitioner proceeded to be tried by a jury on the remaining charges. On October 21, 1997, the jury found Petitioner not guilty of Possession of Controlled Drug With Intent to Distribute, but guilty of the lesser included offense of Possession of a Controlled Drug (Count 1), After Former Conviction of Two Felonies. In addition, the jury found Petitioner guilty of Escape from Lawful Custody (renumbered as Count 4), After Former Conviction of Two Felonies, and Failure to Signal (renumbered as Count 3). See Dkt. # 1, attached verdicts. The jury recommended sentences of forty-five (45) years imprisonment on Count 1, twenty (20) years imprisonment on Count 4, and ten (10) days in custody on Count 3. On October 27, 1997, the trial judge sentenced Petitioner in accordance with the jury's recommendation and ordered the sentences to be served consecutively. Unfortunately, the Judgment and Sentence entered as to Count 1 erroneously recited that Petitioner had been found guilty of Unlawful Possession of Controlled Drug With Intent to Distribute. See id., attached Judgment and Sentence. However, the Judgment and Sentence reflected the correct punishment: 45 years imprisonment with the 20 year sentence for the Escape conviction to be served consecutively. Id.

Petitioner was received into the custody of the Oklahoma Department of Corrections (ODOC) to serve his sentences. On May 10, 2009, Governor Brad Henry granted parole as to Count 1, effective May 14, 2009. See Dkt. # 1, attached Certificate of Parole. Petitioner was paroled from the forty-five (45) year sentence entered on Count 1, to begin serving the twenty (20) year sentence entered on the Escape conviction. Id. Again, the parole certificate erroneously identified the Count 1 conviction as Possession of Controlled Drug With Intent to Distribute. Id.

On December 17, 2009, an Amended Judgment and Sentence was entered to reflect that Petitioner had been found guilty of Unlawful Possession of a Controlled Drug, After Former Conviction of Two Felonies. See Dkt. # 1, attached Amended Judgment and Sentence (Amended Count One to Correct Charge).

Petitioner filed the instant federal habeas corpus petition on August 6, 2012 (Dkt. # 1). He claims that he became eligible for parole in 2007, and that had the Parole Board known that he had been convicted of "Simple Possession," not "Possession With Intent," he may have been granted parole earlier and, as a result, he could have possibly discharged the twenty (20) year sentence he now serves. Based on that argument, Petitioner asserts that he is entitled to immediate release. See Dkt. # 1 at 4. As stated above, Respondent filed a motion to dismiss, arguing that the petition is untimely. See Dkt. # 7. In the alternative, Respondent argues that because Petitioner has no liberty interest in parole, his request for habeas corpus relief should be denied. Id.

## *ANALYSIS*

**A. Statute of limitations**

The AEDPA, enacted April 24, 1996, established a one-year limitation period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In this case, the limitation period began to run from the date on which the factual predicate of the claim presented could have been discovered through the exercise of due diligence. § 2244(d)(1)(D). Also, the limitation period was tolled or suspended during the pendency of a state application for post-conviction relief or other collateral review properly filed during the limitation period. § 2244(d)(2).

Application of the provisions of § 2244(d) leads to the conclusion that this habeas petition was filed after the expiration of the one-year limitation period. Petitioner's claim arose when he learned, after he had been paroled on Count 1, that an Amended Judgment had been entered to identify correctly the crime for which he had been convicted on Count 1. In his petition, Petitioner states he received a copy of the Amended Judgment in April 2010. Thus, giving Petitioner a generous interpretation of the facts, the latest date on which the factual predicate of Petitioner's claim could have been discovered through the exercise of due diligence was April 2010. Even if Petitioner did not receive his copy of the Amended Judgment until April 30, 2010, then, under § 2244(d)(1)(D), Petitioner had one (1) year from May 1, 2010, or until May 1, 2011, to file a federal petition for writ of habeas corpus. Clearly, in the absence of a tolling event, the instant petition, filed August 6, 2012, is untimely.

As indicated above, the running of the limitation period was tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent claim properly filed during the one-year period. 28 U.S.C. § 2244(d)(2). In response to the motion to

4

dismiss, Petitioner provides copies of a petition for writ of habeas corpus, filed July 28, 2010, or before expiration of the one-year limitations period, in Osage County District Court, Case No. WH-2010-4, and the district court order denying the petition, filed December 6, 2010. See Dkt. # 9. Although Petitioner does not provide information concerning an appeal from the district court ruling, this Court has reviewed Petitioner's filings in the Oklahoma Court of Criminal Appeals (OCCA), at www.oscn.net. The docket sheet for OCCA Case No. HC-2010-1176, reflects that on February 14, 2011, the OCCA affirmed the denial of habeas corpus relief entered in Osage County District Court, Case No. WH-2010-4. Id. Thus, because Petitioner's state habeas corpus action was properly filed before expiration of the one year period, it serves to toll, or suspend, the running of the limitations clock. 28 U.S.C. § 2244(d)(2). As a result, Petitioner is entitled to tolling from July 28, 2010, when he filed his habeas corpus petition in Osage County District Court, until February 14, 2011, when the OCCA affirmed the denial of habeas corpus relief, for a total of 201 days. His federal habeas deadline was extended 201 days beyond May 1, 2011, or until November 18, 2011. Petitioner did not file his petition until August 6, 2012, or more than eight (8) months after expiration of the limitations period.

The one-year limitations period may also be equitably tolled. To be eligible for equitable tolling, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir.2008) (quoting Lawrence v. Florida, 549 U.S. 327, 127 S.Ct. 1079, 1085 (2007)), so as to prevent him from timely filing his habeas petition. A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is

able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Id. (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

In response to the motion to dismiss, Petitioner asserts that Respondents "intentionally lied" to the District Court of Osage County in responding to his state petition for writ of habeas corpus. Regardless of Petitioner's assessment of Respondents' arguments asserted in state court, he waited more than a year after the conclusion of his state habeas corpus proceeding to file his federal petition. Based on the record provided by Petitioner, the Court concludes that Petitioner did not pursue his federal claims diligently. Nor has he shown that extraordinary circumstances stood in his way. Therefore, Petitioner has failed to demonstrate that he is entitled to equitable tolling of the one-year limitations period. The Court concludes that Respondent's motion to dismiss should be granted and the petition should be dismissed with prejudice as time barred.

**B. Even if petition is not time barred, it fails to allege a constitutional violation**

As discussed above, Petitioner requests immediate release from custody based on his argument that he may have been granted parole sooner on his Count 1 conviction had the original judgment correctly stated that he had been convicted of "simple possession," as opposed to "possession with intent." See Dkt. # 1. Petitioner's claim fails because he has no liberty interest in parole under the Oklahoma parole statutes. See, e.g., Shirley v. Chestnut, 603 F.2d 805, 807 (10th Cir. 1979); Shabazz v. Keating, 977 P.2d 1089, 1093 (Okla. 1999) ("[T]here is no protectable liberty interest in an Oklahoma parole."); see also Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."); Fristoe v. Thompson, 144 F.3d 627, 630 (10th Cir. 1998) ("The Constitution does not itself afford appellant a liberty interest in a

reduced sentence."). It follows that Petitioner has no claim for violation of procedural or substantive due process. Id. ("To make out a due process claim, appellant must assert the infringement of a protected liberty interest."); Wildermuth v. Furlong, 147 F.3d 1234, 1239 (10th Cir. 1998) (rejecting a claim for a violation of substantive due process because the inmate had no liberty interest in parole). For that reason, even if the petition is not time barred, Petitioner has not alleged a cognizable constitutional violation.

In response to the motion to dismiss, Petitioner emphasizes that his habeas claim is "a first amendment denial of access to court claim, not a claim of challenging parole eligibility." See Dkt. # 8 at 3. Petitioner's argument is hard to follow. He alleges that "the State lacks a corrective process that would provide him access to Courts, as ordered by this Court." Id. However, the record provided by Petitioner demonstrates that he was able to access the Oklahoma courts by filing his petition for writ of habeas corpus in Osage County District Court. Even though his request for relief was denied, he was not denied access to the courts. Furthermore, Respondents have not interfered with or impeded Petitioner's ability to pursue federal habeas corpus relief. Petitioner cannot demonstrate an actual injury because he has not demonstrated that he tried to pursue a non-frivolous claim in court but was unable to do so. His allegations therefore are insufficient to state an access to courts claim under the First Amendment. See Lewis v. Casey, 518 U.S. 343, 348-50 (1996). His request for habeas corpus relief based on a First Amendment violation is patently frivolous.

**Certificate of Appealability**

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the dismissal of this action based on the statute of limitations is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss the petition for writ of habeas corpus as barred by the statute of limitations (Dkt. # 7) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1) is **dismissed with prejudice**.

3. In the alternative, the petition fails to state a constitutional violation and, for that reason, is **dismissed with prejudice**.

4. A separate judgment shall be entered in this matter.

5. A certificate of appealability is **denied**.

DATED THIS 24th day of June, 2013.

GREGORY K. FRIZZELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT